# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00698-CV

**In the Matter of M. A.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-22,872, HONORABLE WILLIAM D. KING, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In this juvenile case, M. A. appeals from the juvenile court's order committing her to the custody of the Texas Youth Commission. In her sole issue, M. A. contends the commitment order is void because it does not meet the statutory criteria for eligibility for commitment following a misdemeanor adjudication. *See* Tex. Fam. Code Ann. § 54.05 (West Supp. 2004-05). Because there are two separate adjudications, one of which occurred prior to the current adjudication, and the conduct that is the basis of the current adjudication occurred after the date of the previous adjudication, the statutory criteria are satisfied. We therefore affirm the order modifying probation and committing M. A. to the TYC.

M. A.'s involvement with the juvenile justice system is extensive, and we will set forth only the facts relevant to this appeal. In two separate episodes, M. A. was adjudicated a child who had engaged in delinquent conduct: on September 8, 2003, in Travis County, she committed assault with family violence against her mother for which she was adjudicated delinquent on February 24, 2004; and on June 7, 2004, she was adjudicated delinquent for having possessed

marihuana in Bastrop County on March 1, 2004.[1]  *See* Tex. Pen. Code Ann. § 22.01 (West Supp. 2004-05) (assault); Tex. Health & Safety Code Ann. § 481.121 (West 2003) (possession of marihuana).  On October 12, 2004, the State filed a Motion to Modify Disposition alleging that M. A. had violated various rules of her probation on the marihuana offense.  After a hearing, the trial court found that M. A. violated the conditions of her probation and satisfied the statutory criteria, and ordered her committed to the TYC.

On appeal, M. A. challenges the commitment order, claiming that she does not have the requisite number of adjudications in the correct successive order to meet the criteria of family code section 54.05(k), and that her commitment to TYC was therefore not a permissible option for the trial court.  *See* Tex. Fam. Code Ann. § 54.05(k).  We disagree.  Although the chronology of court dates, adjournments, transfers, and orders is confusing, after a review of the record, we conclude that the commitment order satisfies the statutory criteria.

Modifications of disposition proceedings are governed by section 54.05 of the family code.  *Id*. § 54.05.  Subsection (k) imposes a limitation on the court's ability to modify a disposition order under subsection (f) of section 54.05.  *Id*. § 54.05(f), (k).  Subsection (f), in part, allows a modified disposition order in an adjudication based on a misdemeanor to commit a child to TYC if the penal violation upon which the modified order is based is either (i) a felony or (ii) a misdemeanor

---

[1]  The Bastrop County Court at Law transferred its jurisdiction over the marihuana offense to Travis County.

if the requirements of (k) are also met. *Id*. § 54.05(f). The two requirements of subdivision (k)[2] that must be met before disposition may be modified to allow for commitment are that

(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least one previous occasion before the adjudication that prompted the disposition that is being modified; and

(2) the conduct that was the basis of the adjudication that prompted the disposition that is being modified occurred after the date of the previous adjudication.

*Id*. § 54.05(k). Thus, the family code limits when a juvenile who engages in misdemeanor delinquent conduct, as here, may be committed to the TYC. After a juvenile is adjudicated delinquent, a separate disposition hearing must be held. *Id*. § 54.04(a) (West Supp. 2004-05). For a modification of that adjudication to result in the juvenile commitment to the TYC, the child must have an earlier adjudication and the *conduct* on which the later adjudication is based must have occurred *after* the earlier adjudication.

On June 7, 2004, M. A. was adjudicated delinquent for the misdemeanor offense of possession of marihuana in Bastrop County, which occurred on March 1, 2004. This is the offense

---

[2] In its brief, the State cites us to the prior law which is no longer in effect for offenses occurring after September 1, 2003. Before September 1, 2003, the two requirements of subdivision (k) were that (1) the child has been adjudicated for delinquent conduct based on a penal violation of the grade of felony or misdemeanor on at least *two* previous occasions, and (2) of the previous adjudications, the conduct for one occurred after the date of the other. Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920, *amended by*, Act of May 22, 2001, 77th Leg., R.S., ch. 1420, § 5.002, 2001 Tex. Gen. Laws 4210, 4226, *amended by*, Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 21, 2003 Tex. Gen. Laws 1221, 1227. The 2003 amendment, requiring only one previous adjudication, took effect on September 1 of that year and continued the prior law in effect for conduct occurring prior to the effective date.

for which the State filed a Motion to Modify Disposition on October 12, 2004, and for which the trial court committed appellant to TYC. The two-pronged question, then, is whether (i) M. A. had been adjudicated delinquent on at least one previous occasion *before* this adjudication and (ii) the conduct that is the basis of the second adjudication occurred *after* the date of the first adjudication.

The first question, then, is whether the assault adjudication occurred prior to the Bastrop marihuana adjudication, which is the basis for the modification in the current proceeding. The April 1, 2004 Dispositional Order states that appellant was adjudged delinquent for the assault on February 24, 2004.[3] The record also reflects that while she was awaiting the disposition hearing, which occurred on March 16, she was arrested for possession of marihuana in Bastrop County on March 1. She was adjudicated for that offense on June 7, 2004. Thus, the assault adjudication occurred prior to the marihuana offense adjudication for which her probation was modified and for which she is now committed to the TYC.

We must next ask whether the *conduct* that is the basis of the current adjudication that prompted this disposition hearing occurred *after* the date of the previous adjudication. We also answer this question in the affirmative. The conduct in question—the marihuana offense—occurred on March 1; it therefore occurred after the date of the previous adjudication, which was February 24. Thus, "the conduct that was the basis of the adjudication that prompted the disposition that is being modified"—the marihuana possession—occurred "after the date of the previous adjudication."

---

[3] Because a judgment of delinquency was signed by the district court judge on July 27, 2004, appellant argues that she was not actually adjudicated delinquent for the assault offense on February 24. But absent evidence, the juvenile court was entitled to rely on the April 1 order finding that the adjudication occurred on February 24. The docket sheet also reflects an adjudication on that date.

Having concluded that the statutory criteria are satisfied, we overrule M. A.'s sole issue on appeal and affirm the order of the juvenile court modifying the disposition and committing M. A. to TYC.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 27, 2005